[No. 16826.  Department One.  March 24, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. PETER
COLAGINO, *Appellant.*[1]

HOMICIDE (83, 90-1)—FIRST DEGREE—QUESTION FOR JURY.  The finding of murder in the first degree on conflicting evidence, was a question for the jury, where it appears that, although the defendant may have killed deceased in anticipation of trouble when the deceased called on him relative to accusations defendant had made against deceased's son, where his defense of a killing in self-defense, after a struggle, is discredited and appears to have been manufactured.

CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS—REQUESTS.  It is not error to refuse to give requested instructions in the language proposed, where they were covered in other instructions as favorable to the accused.

SAME (452).  An instruction upon the subject of the flight of the accused is not prejudicial where, as a whole, the meaning was clear, and the jury were left to say whether the evidence justified the conclusion that accused had fled or attempted flight.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 11, 1921, upon a trial and conviction of murder.  Affirmed.

*John F. Dore,* for appellant.

*Malcolm Douglas* and *John D. Carmody,* for respondent.

FULLERTON, J.—The appellant, Peter Colagino, was informed against for killing one Aleck McGibbon, the charge being murder in the first degree.  He was convicted as charged, the jury, however, finding by a special verdict that the death penalty should not be inflicted.  On the verdict of guilty, he was adjudged guilty and sentenced to imprisonment for life.  From the judgment and sentence, he prosecutes the appeal.

[1]Reported in 205 Pac. 413.

It is contended, first, that the evidence did not justify a verdict for any higher degree of crime than murder in the second degree. The salient facts are these: The appellant was in the employ of a railroad company, his employment keeping him away from his home for the greater part of the day. He lived alone in a house owned by himself, situated upon rented land. On a part of this land he maintained a chicken yard, and another part he devoted to a vegetable garden. McGibbon lived with his family on an adjoining tract of land, his family consisting of a wife and seven sons. The relations existing between the appellant and McGibbon and his family were outwardly friendly. Shortly prior to the time McGibbon was killed, the appellant complained to Mrs. McGibbon that his chickens and vegetables were being stolen. He did not complain to her that he thought her sons were parties to the thefts, although he did so complain to others of his neighbors, and also to the police. The fact that he was making these charges was learned by Mrs. McGibbon on the day the killing occurred. When her husband came home at about four o'clock on that day, Mrs. McGibbon told him of the appellant's accusations, and he said to her that he would talk to the appellant about the matter. The appellant reached home on that day shortly after four o'clock, and Mr. McGibbon, possibly a half hour thereafter, started in the direction of the appellant's house. The state's evidence shows that he was shot and killed by the appellant as he was approaching the house, and before he had reached it. The killing was done while it was yet daylight, and while persons could be recognized at considerable distances.

The appellant's story, told at the time of his arrest and on the witness stand, is that McGibbon, with two

other persons whom he did not recognize, came and knocked on his door, and attacked him when he opened it to admit them, and that he shot McGibbon in self-defense. He also exhibited to the arresting officers and others, in corroboration of his story, marks on his throat apparently made by the hands of some person. The evidence, however, is all but overwhelming that these marks were self-inflicted, and a further effort to manufacture evidence appears from the fact that a shot was fired from the revolver with which McGibbon was killed, from the outside of the house through the door into the inside, the door being the one which McGibbon was approaching when killed.

The room in which the appellant testifies the assault on him was made bore no evidence of a struggle having taken place therein. There were a number of persons living in the vicinity who were attracted to the place by the shooting, yet no one saw the alleged companions of McGibbon, and certain of them, who saw McGibbon approach the house, testify positively that he was alone. There is some evidence that the appellant contemplated flight, as he left the place immediately after the shooting, putting out the light that was earlier seen burning therein and locking the doors of the house. Later, however, he appeared at the house of a county employee, announced that he had killed McGibbon, and there awaited until he was taken in charge by deputies from the sheriff's office.

It seems to us clear that there is here sufficient evidence to warrant the verdict returned by the jury. It may be, as the appellant's learned counsel argues, that there is no very apparent motive for the killing, and that different deductions can be drawn from the evidence with regard thereto. But it was the exclusive privilege of the jury to draw these deductions, and if

there are any such that will sustain the verdict, it is sufficient in so far as it concerns the appellate court. Clearly, we think, the jury could reasonably and justly draw the conclusion that the appellant believed that McGibbon had learned of the accusations he had made against McGibbon's sons, that McGibbon was coming to his house because thereof, and that he shot and killed him in anticipation of trouble thereover. A killing under such circumstances is murder in the first degree. A due regard for the sacredness of human life will not permit the courts to hold, as matter of law, that the killing of a human being because of mere anticipation of trouble, forbids the finding that the killing is of no higher degree of crime than murder in the second degree.

The second assignment of error relates to the refusal of the court to give certain requested instructions. These relate to the appellant's theory of self-defense. But we find, on examination of the court's charge to the jury, that they were covered by the court in language fully as favorable to the appellant as the law warrants. There are courts which maintain the principle that a defendant is entitled to have the jury instructed in the language of his request, if the request is appropriate to the defendant's theory of the case and is otherwise unobjectionable, but this court has always refused to recognize the doctrine. Here, the court may charge in its own language, and error cannot be predicated thereon merely because the language used by the court does not follow literally the language of the request.

The court gave an instruction on the question of flight. As a preliminary thereto it stated to the jury, "some evidence has been introduced of the flight of this defendant immediately or soon after the act al-

leged as the crime with which the defendant is here charged''; this the court followed with further instructions concerning the effect to be given by the jury to the fact of flight, if they found the fact established; saying to them, in substance, that it was their privilege to determine from the evidence whether the defendant had or had not fled from the scene of the act charged as the crime. Error is alleged upon the quoted portion of the charge, but we think it not reversible error. While the language used is perhaps not the most happy that could have been chosen to express the evident thought the court sought to convey, the instruction as a whole makes the meaning clear, and, in our opinion, conclusively shows that the court did not thereby trench upon any of the prerogatives of the jury. The jury were left to say whether the evidence justified the conclusion that the appellant had fled or had attempted flight, and were instructed to consider the evidence as bearing upon the appellant's guilt only in the case they did so find.

Other errors assigned merit no special consideration.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.